IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENNETH LANGDON,

Plaintiff,

v

CREDIT MANAGEMENT, LP, aka THE CMI GROUP,

Defendant.

No C 09-3286 VRW

ORDER

On July 17, 2009, plaintiff Kenneth Langdon ("plaintiff"), filed a complaint against Credit Management, LP, also known as The CMI Group ("defendant"), alleging violations of the Fair Debt Collection Practices Act, 15 USC section 1692 et seq ("FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, Cal Civ Code section 1788 et seq ("RFDCPA"). Doc #1.

Relying primarily on Ashcroft v Iqbal, __ US __, 129 S Ct 1937 (2009), defendant moves for an order dismissing plaintiff's

complaint pursuant to FRCP 12(b)(6). Doc #17. Alternatively, defendant moves to strike portions of the complaint pursuant to FRCP 12(d) [sic] or for a more definite statement under FRCP 12(e). Id. For the following reasons, defendant's motions are DENIED.

I

A motion to dismiss under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." Navarro v Block, 250 F3d 729, 732 (9th Cir 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v Pacifica Police Dep't, 901 F2d 696, 699 (9th Cir 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v Liberty Mutual Ins Co, 80 F3d 336, 337-38 (9th Cir 1996). The court does not, however, "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations," Western Min Council v Watt, 643 F2d 618, 624 (9th Cir 1981), as "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." McGlinchy v Shell Chemical Co, 845 F2d 802, 810 (9th Cir 1988).

Plaintiff's complaint provides five factual assertions: (1) defendant constantly and continuously placed collection calls to plaintiff seeking and demanding payment for an alleged debt; (2) defendant often places two or more collection calls to plaintiff in a single day; (3) plaintiff sent defendant a written request to cease all collection calls; (4) defendant continues to place

collection calls to plaintiff despite having received plaintiff's letter and (5) defendant often places collection calls to plaintiff and hangs up the phone when plaintiff or his answering machine answer. Doc #1 at 2-3. Defendant claims that these facts are insufficient to support claims under the FDCPA and the RFDCPA. Doc #17.

**A**

The court first considers defendant's motion to dismiss. Defendant argues that plaintiff's complaint contains only legal conclusions and therefore does not demonstrate why plaintiff is entitled to relief. Doc #8 at 3, 5. While it may be true that several of plaintiff's statements are conclusory to some degree, such statements are supported by factual claims set forth elsewhere in the complaint. See Doc #1 at ¶¶12-16. Specifically, plaintiff alleges five violations of the FDCPA and four violations of the RFDCPA. Id at 3-4. For each of these alleged violations, plaintiff's assertions – that defendant placed constant and continuous calls to plaintiff, discontinued collection calls when plaintiff or his answering machine picked up the phone and continued to engage in such practices even after receiving plaintiff's cease and desist letter – provide sufficient factual support to state claims under the FDCPA and the RFDCPA.

Plaintiff asserts that defendant violated FDCPA section 1692d and RFDCPA section 1788.11(e), which prohibit engaging in conduct that harasses, oppresses or abuses any person in connection with the collection of a debt, by "engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff." Doc

#1 at ¶¶17, 25. Defendant argues that plaintiff provides no factual allegations in support of these claims. Doc #8 at 2-5. But plaintiff alleges that defendant "constantly and continuously placed collection calls[,] * * * often plac[ed] two (2) or more collection calls in a single day * * * and hangs up the phone when Plaintiff or the answering machine answer." Doc #1 at ¶¶12, 13, 16. When read with plaintiff's allegations that "defendant violated §1692d of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff," id at ¶17, and violated "1711.11(e) of the RFDCPA by placing collection calls to Plaintiff with such frequency that was unreasonable and constituted harassment," id at ¶25, plaintiff sufficiently states claims for harassment under the FDCPA and the RFDCPA.

Plaintiff also alleges that defendant violated FDCPA section 1692d(5) and RFDCPA section 1788.11(d) by causing a telephone to ring repeatedly and continuously with the intent to annoy. Id at ¶¶17, 25. Section 1692d(5) prohibits "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." RFDCPA section 1788.11(d) similarly prohibits "[c]ausing a telephone to ring repeatedly or continuously to annoy the person called." When read with plaintiff's factual allegation that defendant "often places two (2) or more collection calls in a single day to Plaintiff's home," Doc #1 at ¶13, plaintiff's complaint sufficiently states claims under FDCPA section 1692d(5) and RFDCPA section 1788.11(d), as the proximity and volume of the alleged calls – often two or more per day – certainly may constitute harassment or annoyance.

Plaintiff further contends that defendant violated FDCPA section 1692d(6), which prohibits placing collection calls without "meaningful disclosure of the caller's identity," and RFDCPA section 1788.11(b), which similarly prohibits placing collection calls without "disclosure of the caller's identity," by placing telephone calls to plaintiff and hanging up the line when plaintiff or his answering machine answers. Doc #1 at ¶¶16, 17, 25. If, as plaintiff alleges, defendant calls plaintiff and hangs up the phone, common sense dictates that defendant has not provided meaningful disclosure under FDCPA section 1692d(6) or disclosure under RFDCPA section 1788.11(b). See Hosseinzadeh v M R S Associates, Inc, 387 F Supp 2d 1104, 1112 (CD Cal 2005) ("'[M]eaningful disclosure' presumably requires that the caller must state his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call or the reason the questions are being asked."). Plaintiff's allegations thus sufficiently state claims under FDCPA section 1692d(6) and RFDCPA section 1788.11(b).

Plaintiff also alleges that defendant violated sections 1692e(10-11) of the FDCPA, which prohibit the use of deceptive means to collect a debt and the failure to disclose that communications are from a debt collector to collect a debt. Doc #1 at ¶17. Plaintiff's factual allegation that defendant calls plaintiff and hangs up when plaintiff or his answering machine answers, id at ¶16, provides sufficient factual support for his claims under sections 1692e(10-11).

Plaintiff's final allegation states that defendant violated RFDCPA section 1788.17 by failing to comply with the regulations of the FDCPA. Id at ¶25. RFDCPA section 1788.17 states

that "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." See Cal Civ Code §1788.17. Section 1788.17 thus creates state law liability for violations of the FDCPA and incorporates by reference FDCPA's statutory remedies. See Brown v Bank of America, 2010 WL 55663 (CD Cal Jan 4, 2010); Chan v N Am Collectors, Inc, 2006 WL 778642, *2 (ND Cal Mar 24, 2006) (noting that the RFDCPA "tracks" federal law; "if [defendants] haven't violated federal law, they haven't violated California law"). As the Brown court explained, "where a party has violated the Federal FDCPA, it has generally also violated the State FDCPA and is subject to an additional award of the statutory damages described in the Federal FDCPA." 2010 WL 55663 at *2.

While plaintiff's opposition and defendant's reply do not address the section 1788.17 claim, the court has determined above that plaintiff has stated claims under the FDCPA. Although plaintiff, by not responding to defendant's motion as it pertains to the section 1788.17 claim (Doc #8 at 4), may be considered to have abandoned the claim, the court is disinclined to dismiss the claim with leave to amend because that measure would merely protract the resolution of this case. Furthermore, defendant has failed to raise the issue of abandonment in its reply. See Doc #12. Accordingly, because the court finds that plaintiff has stated claims under the FDCPA and further that section 1788.17 merely creates state law liability for violations of the FDCPA and incorporates by reference the FDCPA's statutory remedies, the Court DENIES defendant's motion

to dismiss as to RFDCPA section 1788.17.

Taken as a whole, plaintiff's allegations satisfy the "short and plain statement" pleading standard of FRCP 8 and state claims under the FDCPA and the RFDCPA. FRCP 8. While defendant contends that "[i]t would not be a large burden to state the timing of these alleged phone calls * * * [n]or would it be a huge burden to allege if the calls were to different telephone numbers," Doc #12 at 2-3, such details are not required under FRCP 8.

Defendant's reliance on Iqbal is misplaced. Iqbal involved a claim subject to a defense of qualified immunity; this defense, the Court determined, required somewhat detailed factual recitations in order for the complaint to plead around that defense. Similarly, the Supreme Court's earlier FRCP 12(b)(6) pleading decision, Bell Atlantic Corp v Twombly, 550 US 544 (2007), involved an antitrust claim predicated on parallel conduct which, because such conduct is not itself unlawful, required pleading of facts to take the claim into the realm of illegality. Although Iqbal and Twombly apply without regard to the subject matter of the claim asserted, both presented situations in which a safe harbor required factual detail to navigate. In the court's view, these decisions did not alter pleading standards outside these and analogous situations. This is not such a case.

Plaintiff's factual assertions, while not overwhelmingly detailed, therefore are sufficient to connect his legal theories to the defendant's alleged conduct. Accordingly, defendant's motion to dismiss, Doc #17, is DENIED.

//

//

B

Defendant moves, in the alternative, to strike portions of plaintiff's complaint under FRCP 12(d) as "redundant, immaterial and impertinent." Doc #17 at 2. FRCP 12(d) is not the proper vehicle by which to bring a motion to strike. The court therefore considers defendant's 12(d) motion as a motion to strike under 12(f).

FRCP 12(f) authorizes a court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," which includes "any part of the prayer for relief when the relief sought is not recoverable as a matter of law." Rosales v Citibank, 133 F Supp 2d 1177, 1180 (ND Cal 2001). Motions to strike are designed to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v A H Robins Co, 697 F2d 880, 885 (9th Cir 1983). In considering a motion to strike, the court must view the pleading at issue in the light most favorable to the pleader and treat "as admitted all material facts alleged and all reasonable presumptions that can be drawn therefrom." Rosales, 133 F Supp 2d at 1180. Motions to strike are generally disfavored and constitute a "drastic remedy." 2 Moore's Federal Practice, § 12.37[1] (Matthew Bender 3d ed 1997).

Defendant moves to strike paragraphs 12-16, 17(a-e) and 25(a-d) of plaintiff's complaint. Doc #17 at 2. Defendant argues that these paragraphs contain but conclusory statements that make it impossible for defendant to ascertain what plaintiff alleges defendant did, or did not do, in violation of the FDCPA or RFDCPA. Doc #8 at 6.

//



**United States District Court**
For the Northern District of California

As discussed above, however, when read with the facts articulated in paragraphs 12-16 of the complaint, paragraphs 17(a-e) and 25(a-d) state claims under the FDCPA and the RFDCPA. It also is clear that these paragraphs do not contain any redundant, immaterial, impertinent or scandalous matters. See FRCP 12(f). Accordingly, defendant's motion to strike is DENIED.

C

Lastly, defendant alternatively seeks a more definite statement on the grounds that plaintiff's complaint contains such "vague and conclusory allegations [that] Defendant cannot formulate responsive pleadings." Doc #17 at 2.

A party may move for a more definite statement when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." FRCP 12(e); Cellars v Pac Coast Packaging, Inc, 189 FRD 575, 578 (ND Cal 1999). A motion filed pursuant to Rule 12(e) "must point out the defects complained of and the details desired." FRCP 12(e).

As described above, while the complaint contains limited facts, it provides sufficient details for defendant to reasonably understand the nature of plaintiff's claims. Furthermore, while defendant's motion contends that the complaint is "vague and ambiguous," Doc #8 at 6-7, defendant's motion does not set forth what details it would require from plaintiff in order to prepare a response. See FRCP 12(e) (The [12(e)] motion * * * must point out the defects complained of and the details desired."). Accordingly, defendant's motion for a more definite statement is DENIED.

//

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

II

For the foregoing reasons, defendant's motions to dismiss, strike and for a more definite statement, Doc #17, are DENIED. The hearing scheduled for February 25, 2010 is HEREBY VACATED.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge